## IN RE: SUPREME COURT AD HOC COMMITTEE on FOSTER CARE and ADOPTION

Supreme Court of Arkansas
Delivered June 24, 1999

P ER CURIAM. In 1995 the Arkansas Supreme Court appointed an Ad Hoc Committee on Foster Care and Adoption (Committee) to assess dependency-neglect proceedings, make findings and recommendations and implement plans for improvement in court practice to enable children who are abused and neglected to be placed in safe and permanent homes in a timely fashion.

The Committee issued its report of findings and recommendations in 1997. In this report the committee found that, " Chil-

---

dren are not adequately represented in dependency-neglect cases in the state. Even when they are represented, the quality or representation is often minimal or poor." As a result, the Committee recommended:

> The creation of a state-sponsored system through the Administrative Office of the Courts for attorney ad litem representation of every child in a dependency-neglect proceeding.

> The creation of a state-wide Court Appointed Special Advocate (CASA) Program to work with the attorney ad litem to represent the best interest of children.

> The development of standards and manuals for attorneys who represent children.

Act 1227 of 1997 created a Division of Dependency-Neglect within the Administrative Office of the Courts (AOC), but the AOC did not receive sufficient funding to fully implement the committee's recommendations. Consequently, the Committee established a Pilot Representation Program in the 13th Judicial District to demonstrate the effectiveness of having such representation. Further, Act 708 of 1999 established a statewide system of contracts for attorneys ad litem and provided that the Arkansas Supreme Court adopt standards of practice and qualifications for service for all attorneys who seek to receive contracts to provide legal representation to children in dependency-neglect proceedings.

Toward that end the Committee has submitted its recommendations for those qualifications and standards, and comment has been sought and received from the Juvenile Division Judges. We commend the Committee for its work and its dedication to improving dependency-neglect proceedings in our state. Having considered the Committee's proposal and the juvenile judges' comments, we adopt the following qualifications and standards of practice for attorneys ad litem who represent children in dependency-neglect cases, effective January 1, 2000.

## Qualifications for Attorneys Ad litem in Dependency-Neglect Cases

I.  Licensed attorney and in good standing with the Arkansas Supreme Court

II.  Education to include mandatory specialized training of not less than 10 hours (live or video tape) within in the last two years prior to appointment. Prerequisite training must include:

1.  Child development;

2.  Dynamics of abuse and neglect;

3.  Ad litem roles & responsibilities, including ethical considerations;

4.  Relevant juvenile code, federal law, and case law;

Additional prerequisite training may include, but not be limited to:

5.  Grief and attachment;

6.  Child Maltreatment Act;

7.  Family dynamics, including substance abuse and mental health issues;

8.  Custody and visitation;

9.  Resources and services; and

10.  DCFS policies & procedures

III.  Clinical prerequisite for new ad litem appointments to include but not be limited to:

1.  Observation of an emergency hearing, an adjudication hearing and a review hearing;

2.  Assistance in representation of a child in an emergency hearing, an adjudication hearing and a review hearing under supervision of an experienced attorney ad litem; and

    3.   Observation with an experienced ad litem in a TPR hearing prior to representing a child in a TPR hearing.

IV.  Continuing education to include at least four hours per year related to ad litem representation in dependency-neglect cases. It is not required that this continuing education be certified as continuing legal education. Hours may be carried over for up to two years.

## Standards of Practice for Attorneys Ad Litem in Dependency-Neglect Cases

1. An attorney ad litem shall conduct personally or in conjunction with a trained CASA an independent investigation consisting of review of all relevant documents and records including but not limited to: police reports, DCFS records, medical records, school records, and court records. The ad litem shall interview the child, and in conjunction with a trained CASA shall interview the parents, foster parents, caseworker, service providers, school personnel and others having relevant knowledge to assist in representation. Continuing investigation and regular contact with the child are mandatory.

2. An attorney ad litem shall determine the best interest of a child by considering such factors as the child's age and sense of time, level of maturity, culture and ethnicity, degree of attachment to family members including siblings; as well as continuity, consistency, and the child's sense of belonging and identity.

3. An attorney ad litem shall appear at all hearings to represent the best interest of the child. All relevant facts should be presented to the court and if the child's wishes differ from the ad litem's determination of the child's best interest the ad litem shall communicate the child's wishes to the court.

4. An attorney ad litem shall explain the court proceedings and the role of the ad litem in terms that the child can understand.

5. An attorney ad litem shall make recommendations for specific and appropriate services for the child and the child's family.

6. An attorney ad litem shall monitor implementation of case plans and court orders.

7. An attorney ad litem shall file appropriate pleadings on behalf of the child.

8. An attorney ad litem shall review the progress of the child's case and shall advocate for timely hearings.

9. An attorney ad litem shall request orders that are clear, specific, and, where appropriate, include a time line for assessment, services, placement, treatment and evaluation of the child and the child's family.

10. Attorney-client or any other privilege shall not prevent the ad litem from sharing all information relevant to the best interest of the child with the court.

11. An attorney ad litem, functioning as an arm of the court, is afforded immunity against ordinary negligence for actions taken in furtherance of his or her appointment.

12. An attorney ad litem shall participate in prerequisite education prior to appointment which shall include 10 hours of training and shall participate in annual continuing education of four hours.

13. A full-time attorney shall not have more than 75 dependency-neglect cases, and a part-time attorney shall not have more than 25 dependency-neglect cases. Any deviations from this standard must be approved by the Administrative Office of the Courts who shall consider the following, including but not limited to: the number of counties in a judicial district, the experience and expertise of the attorney ad litem, area resources, and the availability of CASA volunteers. An attorney who is in within 5 cases of reaching the maximum caseload shall notify the Administrative Office of the Courts and the Juvenile Division Judge.